IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER GAKUBA,                          )
                                       )    Civil Action No. 26-495
        Petitioner,                    )
                                       )    District Judge Christy Criswell Wiegand
        v.                             )    Magistrate Judge Maureen P. Kelly
                                       )
THE ATTORNEY GENERAL OF                )    Re: ECF No. 3
PENNSYLVANIA,                          )
                                       )
        Respondent.                    )

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 3, be dismissed for lack of jurisdiction. Petitioner further should be warned that additional abusive or frivolous filings related to his 2015 convictions in the Circuit Court of Winnebago County, Illinois, at No. 2006-CF-4324, may result in the imposition of sanctions. A certificate of appealability should be denied.

### II.   REPORT

Petitioner Peter Gakuba ("Petitioner" ) seeks federal habeas relief from his convictions for various sex crimes in the Circuit Court of Winnebago County, Illinois, at No. 2006-CF-4324. Id. at 1. See also People v. Gakuba, No. 2-15-744, 2017 WL 1278078, at *1 (Ill. App. Ct. Mar. 31, 2017). Petitioner already has been denied federal habeas relief on the merits in the United States District Court for the Northern District of Illinois. Gakuba v. Brannon, No. 17-C-50337, 2018 WL 10127255 (N.D. Ill. Sept. 24, 2018). Since then, Petitioner has filed habeas petitions in multiple courts throughout the United States – including in the Eastern District of Pennsylvania. See

1

Gakuba v. Maryland Att'y Gen.'s Off., No. 25-cv-0415, 2025 WL 2940726, at *1 (D. Md. Sept. 24, 2025), appeal dismissed sub nom. Gakuba v. Brown, No. 25-6812, 2025 WL 3720742 (4th Cir. Dec. 23, 2025) (collecting cases). See also In re Peter Gakuba, No. 21-cv-4322 (E.D. Pa. Oct 22, 2021), ECF No. 6. See also Gakuba v. Att'y Gen., No. 25-cv-6237 (E.D. Pa. Nov. 12, 2025), ECF No. 21 (dismissing case and threatening sanctions). All of those cases were transferred or dismissed as second or successive. Gakuba, 2025 WL 2940726, at *1 (collecting cases).

Petitioner now tries his luck before this Court. But his Petition fails for the same reasons articulated by the other district courts in which he has filed.

**A.      The Petition is Second or Successive.**

28 U.S.C. § 2254 allows a person in custody due to the judgment of a state court to seek a writ of habeas corpus based "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). However, with the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, Congress chose to enact gatekeeping provisions in order to limit the number of prisoners filing multiple petitions for the writ. The AEDPA provides, in relevant part:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, ***the applicant shall move in the appropriate court of appeals*** for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

Petitioner seeks habeas relief from the same criminal convictions in the present matter for which he was denied on the merits by the Northern District of Illinois in No. 17-C-50337. As such, the present Petition is "second or successive" under the meaning of the statute Cf. Munchinski v. Wilson, No. 07-1712, 2009 WL 2750254, at *3-5 (W.D. Pa. Aug. 26, 2009) (discussing second and successive petitions). Petitioner provides no indication that he has been

granted leave to proceed by any federal Court of Appeals. As a result, this Court lacks subject matter jurisdiction to address the claims that Petitioner has raised in his Petition. See Burton v. Stewart, 549 U.S. 147 (2007); see also Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007).

**B.     Petitioner was not Convicted in this District, and is not Incarcerated in this District**

28 U.S.C. § 2241(d) provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him* and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(Emphasis added).

This statute has been applied to cases in which a state prisoner has sought federal habeas relief from a court sitting in a state that did not convict him. Parks v. Dist. of Arizona, No. 3:23-cv-153, 2023 WL 2355936, at *1 (N.D. Tex. Jan. 23, 2023), report and recommendation adopted, 2023 WL 2355934 (N.D. Tex. Mar. 3, 2023) ("a person in custody under the judgment of a state court may file his application for a writ of habeas corpus in the federal district (1) '*within which the [s]tate court was held which convicted and sentenced him*'; or (2) '*wherein [he] is in custody*.'") (emphasis added).

Upon review, nothing in the instant Petition establishes that either of these two conditions exist here. It is undisputed that Petitioner was convicted in Illinois, not in Pennsylvania. ECF No. 3 at 1. So the first basis for habeas jurisdiction under Section 2241(d) is lacking.

3

As to the second condition, there is no indication in the Petition that Petitioner is in custody in Pennsylvania.  In the Petition, Petitioner provides the following address for himself in Maryland.

> Peter Gakuba
> c/o Law offices of David Shapiro
> 58 W Biddle Street
> Baltimore, Md 21201

ECF No. 3 at 16.

This is almost identical to address that Petitioner has provided in other habeas cases in other districts.  See Motion to Withdraw, Gakuba, No. 25-cv-0415, 2025 WL 2940726, at *1 (D. Md. Sept. 24, 2025), ECF No. 39 (a motion to withdraw ostensibly filed on behalf of Attorney David Shapiro, listing 58 Biddle Street, Apt. 103 as Petitioner's home address; a different business address for Mr. Shapiro; and admitting that Petitioner had proceeded *pro se* throughout those proceedings.).

Further, while Petitioner invokes the name of Attorney David Shapiro in his address in this matter, Mr. Shapiro has not entered an appearance, and Petitioner is proceeding *pro se*.  It is unclear whether Mr. Shapiro even is aware that Petitioner is using his name in his multiple habeas filings.

For these reasons, Petitioner has not made a *prima facie* showing that he is incarcerated in this District.  This is another reason why this Court lacks jurisdiction over the Petition.  It should be dismissed.

### C.    Sanctions

Petitioner is well-aware that his Petition lacks merit.  Indeed, he already has been threatened with sanctions for his multiple abusive filings by other courts.  See Gakuba v. Att'y Gen., No. 25-cv-6237 (E.D. Pa. Nov. 12, 2025), ECF No. 21, at 2.  See also Gakuba, 2025 WL 2940726, at *1 ("The Seventh Circuit warned Gakuba that future frivolous motions would result in sanctions.").  Accordingly, Petitioner should be warned that if he persists with his frivolous

4

filings in this Court related to his 2015 convictions in the Circuit Court of Winnebago County, Illinois, at No. 2006-CF-4324, he may face appropriate sanctions, including but not limited to monetary sanctions and/or a filing injunction.

**D.    Certificate of Appealability**

A certificate of appealability should be denied, as jurists of reason would not debate that this Court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000).

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 3, be dismissed for lack of jurisdiction. Petitioner also should be warned that additional abusive or frivolous filings related to his 2015 convictions in the Circuit Court of Winnebago County, Illinois, at No. 2006-CF-4324 may result in the imposition of sanctions. A certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: April ___9___, 2026

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Christy Criswell Wiegand
United States District Judge

Peter Gakuba
c/o Law offices of David Shapiro
58 W Biddle Street
Baltimore, Md 21201

6